SIMEON SCRUGGS AGT. WILLIAM H. RUSSELL AND OTHERS.

*Evidence: Partnership: Trusts.*

1. Parol evidence is admissible to show: First, That a specific purchase or contract for purchase, made by one partner in his own name, was nevertheless a partnership transaction; and, Second, To show that such purchase was paid for with partnership money.

2. Where two persons are engaged in business together, the purchase of a tract of land by one, followed by occupancy of both, for the uses of the firm, and payment out of the partnership money, are facts competent to be proven, and, when proved, establish a *resulting* trust in the purchasing partner, for the benefit of the partnership.

APPEAL from the District Court of the First Judicial District in and for Leavenworth County.

*By the Court*—WILLIAMS, J.

Simeon Scruggs filed his bill in chancery in the district court of Leavenworth county, in the first judicial district, and thereon commenced his action by process returnable to the September term, 1857, against William H. Russell, the Leavenworth Town Association, Elicia Murphy, widow of William S. Murphy, deceased, John Murphy, Charles Murphy and Merit Murphy, children and heirs of William S. Murphy, deceased, and Jarrett W. Todd, administrator of William S. Murphy, deceased. At September term, 1857, the complainant took his rule on the re-

spondents to answer.   On the 13th day of February, 1858, the answer of the respondents was filed to the amended bill of the complainant.   The bill of the complainant and the answer thereto, upon which the case was heard, are as follows, in substance : The bill sets forth that "in the year 1854 the complainant and the said William S. Murphy, since deceased, entered into a copartnership, in the name and style of Murphy and Scruggs, for the purpose of purchasing all needful property and erecting and carrying on a steam saw mill in the town of Leavenworth, in said county and territory ; each to furnish one-half of the capital of, and be equally interested in, all property of said firm, and share the profits and bear the losses equally."

That, afterwards, in pursuance of said partnership arrangement, on the 10th day of October, 1854, said Murphy purchased for the benefit and use of said partnership concern, of the trustees of the Leavenworth Town Company, or Association, for the sum of three hundred dollars, a piece or fraction of ground on the Missouri river, at the mouth of Three Mile creek, in said county, and known on the original plat of said town as block N, and paid therefor one hundred dollars cash in hand of the said partnership fund, and executed his individual note for the remaining two hundred dollars, payable when the title should be made to the said block.   That said contract for sale and purchase was entered into by verbal agreement. That in pursuance thereof, as a part performance thereof, your orator and said Murphy, in his lifetime, were put into, and they took possession of said block,

and have made valuable improvements thereon; and that they held, used and occupied said block as partnership property, for partnership purposes, from that time until the death of the said William S. Murphy, which happened pending the partnership.   That the said block of ground was, at the time of the sale and purchase abovesaid, a part of the town of Leavenworth, which was laid off on lands belonging to the United States, and known and designated as the "Delaware Trust Lands," and the property of the United States.   That before, and at the time of the sale of the said town tract, as many of the town lots were claimed by different persons, there was much controversy between conflicting claimants; that many lots had been sold, as was this one, on payment of a part of the purchase money down, the balance to be paid when a good title would be made by the association to the purchaser.   That for the purpose of more effectually securing titles, settling controversies and procuring the payment of deferred sums of money, in accordance with the contracts, as well as to do justice to all concerned, the members of the town association appointed William H. Russell to act as the mutual trustee of all concerned.   That said Russell accepted of the office of trustee, by virtue of which he was to buy in all such lots as aforesaid, to be held by him in trust for the benefit of such persons as might be entitled to the same.   That before, and at the time, of the land sale, said Russell, as trustee, attended at his office to receive and receipt for all moneys due on lots of those who might desire to pay and purchase

the title in their own names, and to settle, as far as practicable, all disputes, and upon payment or settlement so made to enter the lots in the name of the proper owners, so that the lots thus entered were, at the public sales, bid off in the names of persons entitled to them.

That complainants attended at the place appointed and tendered to the said trustee the two hundred dollars which then remained unpaid on the said block or fraction, which was received and receipted for by said trustee and the said note taken up. Complainant also charges that he believes, as said Russell so informed him, that the said block or fraction of land was set down to be bid off in the name of Murphy and Scruggs, as partners. That, nevertheless, said block N, for reasons unknown to complainants, was bid off in the name of said Russell, the trustee. That it so remains. That Russell, the trustee, refuses to make and execute a deed for said block N to the firm of Murphy and Scruggs, or to any other person.

That the administrator of the estate of the said William S. Murphy, deceased, claims that the said block N is the individual and separate property of the estate of the said William S. Murphy, deceased, and demands of the said trustee that the deed therefor be made and delivered to the heirs of said Murphy.

After naming the proper persons to be made parties to the action, the bill closes with a prayer that a decree may be made requiring the trustee, Russell, to make, execute and deliver a deed for the said block N to complainant and the heirs of Murphy, jointly, in fee simple, and for relief, generally.

It having been shown to the court that some of the heirs of Murphy were minors, a guardian *ad litem* was appointed.

The answer of the respondent was then filed as follows :

"The existence of the partnership is denied as charged in the bill ; but that the partnership which did exist was formed upon entirely different terms, which were to the respondents unknown.   It denies the allegation of the bill, that said Murphy, in his lifetime, purchased for the partnership concern and firm, of said Russell, as trustee aforesaid, the block or piece of ground known as block N, and paid therefor one hundred dollars, out of the partnership fund, and that they held, improved and occupied said block N as partnership property, for partnership purposes ; but that said Murphy purchased said block of ground of the said Russell for his own separate and individual use and property ; that the one hundred dollars paid by him was of his own private funds, and that for the remaining two hundred dollars he executed his own individual note to said Russell ; that he took possession of the said block of ground, and improved and occupied the same in his own right, and that the only possession which complainant ever had was under said Murphy—denies that Russell, in the purchase of the ground, acted as the agent or trustee of the firm of Murphy and Scruggs, as charged in the bill, or that he had any right so to act after the death of Murphy —avers that Scruggs had no authority or right to pay off and take up the two hundred dollar promissory

note given by Murphy to said Russell, as charged in the bill of complainant. That the lifting of said note by Scruggs was after the death of said Murphy, and without the knowledge and consent of the respondent, and that the same was done by complainants for the purpose of setting up a claim to said block of ground. The statute of frauds is then set up, and the answer concludes with a prayer that, upon the payment of the two hundred dollars, and interest thereon, for which Murphy gave his note, in his lifetime, being part of the purchase money of block N aforesaid, the said Russell be compelled to execute and deliver to the heirs of William S. Murphy a deed of conveyance for the said block of ground."

The answer is sworn to in due form. The replication of the complainant is affirmative to the allegations of his bill, and negative of the answer of the respondents.

On the 5th of November, 1858, the cause was heard, and the decree of the court entered, in substance, as follows, viz.:

"That Simeon Scruggs, the complainant, and William S. Murphy, in his lifetime, were partners in the steam saw mill, and property, real and personal, attached to the same, located on block N, in the city of Leavenworth. That block N was purchased for the joint interest of both partners, with the joint or partnership funds. That the mill was erected and carried on as a partnership concern, by said parties, until the time of the death of William S. Murphy That William H. Russell had purchased the said block

DECEMBER TERM, 1858.            45

_Simeon Scruggs agt. William H. Russell and others._

N from the United States government, as trustee, for the benefit and use of the said Scruggs and Murphy. Therefore, that said Russell, in whom the legal title to block N is vested, by his said purchase from the government of the United States, do convey, by deed of quit claim, in fee simple, the said block N to said Simeon Scruggs, and the heirs or legal representatives of William S. Murphy, deceased, and that the said partnership property be liable for the costs of suit."

A motion for a rehearing was filed by the respondents, which, upon hearing, was overruled. Thereupon, exceptions were taken by respondents' attorneys, and the case appealed to this court.

After the making of the decree by the court below, the attorneys for the respondents moved the court for a rehearing, and as grounds for the motion filed the following:

"1st. Because the court erred in admitting parol testimony for the complainants in the above cause.

"2d. Because the court erred in admitting illegal testimony, in this cause, for complainants.

"3d. Because the court erred in refusing to declare the law asked for by respondents, and in overruling, as asked for by them.

"4th. Because the court erred in finding the facts upon which the decree is made in this case.

"5th. Because the decree of the court in this cause is contrary to law and equity."

The motion was overruled by the court.

Upon these grounds the appeal was taken.

The first two assignments of error relate to the

admission of parol testimony by the court, to prove that Murphy and Scruggs were partners, and that the property (block N) was purchased with the funds of the firm, and for the benefit and use therof, by Murphy, and, also, to show that the contract for the block N was made for the benefit of the firm, with the money of the firm, in pursuance of the partnership agreement, and that thereby a resulting trust was created for the benefit of Scruggs, as to his interest in the property in dispute.

The evidence of the case shows that Murphy and Scruggs, by agreement, entered into partnership to build a steam saw mill in the town of Leavenworth, in this territory, each to share in the profit and loss of the concern. That the town was laid off on government land, which was not then in market. That for the purpose of the procurement of the title thereto, and of making deeds to the several purchasers and *bona fide* owners of lots thereon, William H. Russell was appointed trustee by the town association. That, previous to the time of procurement of the title from the government of the United States by Russell, and after the formation of the partnership between Murphy and Scruggs, he (Murphy) contracted with Russell, as trustee of the town association, for the block, (N) for which he paid down the sum of one hundred dollars, and executed and delivered to Russell his individual note for two hundred dollars, as the price of the block N. The two hundred dollars, for which the note was given, to be paid when the title to the land should be obtained from the government. That

the block (N) had previously been selected by Murphy and Scruggs as the ground upon which their mill was to be erected.

That Scruggs had, on his part, furnished for the concern the mill and machinery, and Murphy was to procure the ground upon which the mill was to be erected. That the mill was accordingly thereon erected, and the business thereof transacted by the firm as partners, the mill being managed, generally, by Scruggs in person. That the mill, which was furnished by Scruggs, was worth sixteen hundred dollars, and the evidence of the case does not show that Murphy put any thing more into the partnership concern than one hundred dollars, which was paid by him as part of the purchase money of the lot or block (N). Pending this state of the business of the concern Murphy died. After his death Scruggs called on Russell and paid off the note which Murphy had given for the two hundred dollers, being the balance of the purchase money of the block (N), and took a receipt therefor. The legal title is still in Russell, who stands in readiness to convey the property to the proper party who may be found legally entitled thereto.

These are the facts of record material to the case, as shown by the evidence. The first question which arises in this case is, Were Murphy and Scruggs partners in the concern, and was it for the use and benefit of the firm that block N was purchased by Murphy; and, in the next place, does it appear, from the evidence of the case, that the purchase was made with

the funds of the partnership? If so, then the question involved in this case is of easy solution. After careful examination of the testimony, we are constrained to adopt the conclusion that the block (N) was selected by Murphy and Scruggs as the site for their mill, in pursuance of their partnership agreement; that, although it was contracted for in the individual name of Murphy, it was purchased for the use and benefit of the firm, as a portion of his investment therein, and so intended and understood by him and Scruggs at the time. This is satisfactorily shown by the testimony of several witnesses, who prove the admissions and declarations made by Murphy, "that he and Scruggs were equal partners in both the mill and the land upon which it was erected;" and from the fact also shown, that they were, during the lifetime of Murphy, in joint possession of the land and mill, and so ocupied and used the property. It is true that these declarations and admissions were made after the time of the contract with Russell, and, of course, the possession and use of the premises was also subsequent to that time. Nevertheless, in the absence of any evidence to the contrary, they furnish the legitimate presumption that the purchase of the block (N) was made by him for the use of the firm. But the evidence shows another important state of the case. It is in proof here that Scruggs was, as partner with Murphy, in actual possession and use of the undivided half interest in the land, and made valuable improvement thereon, jointly with him, contiuously, since the making of the purchase. The admissions,

therefore, of Murphy, made in his lifetime, that Scruggs and he owned the property in partnership, and that Scruggs owned one-half of the ground or block on which the mill was erected, sufficiently, for the purpose of equity in this case, establishes the position that the equitable title to the undivided half of the block had become vested in Scruggs, under the partnership agreement.    This being the fair and reasonable purport of the evidence of the case, we have only to decide the question whether parol testimony is admissible in this case to prove that the title to the undivided half of block (N) is in Scruggs, and should inure to his benefit.    We think that the evidence of the case, fairly construed, establishes the existence of the partnership.    That the block (N) was purchased with the partnership fund, or a fund intended for the purpose thereof, in the name of Murphy. That it was so held and considered by the parties of the firm until the time of the death of Murphy. Therefore, by operation of law, a resulting trust was raised in favor of Scruggs, as partner in the firm of Murphy and Scruggs, by virtue of which the legal title vested in Murphy inured to the benefit and use of the firm.    It is well settled, as a principle of law, "that parol testimony is admissible to prove a resulting trust in relation to real estate, and, that land purchased in the name of one partner, for the use and benefit of the firm, raises a resulting trust which will be enforced." [Story's Equity Jurisprudence, Sec. 1206-7].    So, where land has been purchased by one partner, with the funds of the firm, in his own name, the law raises

4

an implied trust in favor of the firm. [See Story as before cited; 1st Leading Cases in Equity, 161-2; Sugden on Vendors 391-2]. We deem these principles applicable to this case, and decisive of this point. It is urged by respondent's counsel, that "if one of two partners buys land in his own name, and gives his own bond and mortgage, and afterwards pays out of partnership funds, a resulting trust will not thereby be erected, unless it be unequivocally shown that there was an agreement at the time of the purchase, that the funds should be so appropriated," and the case of Forsyth *agt.* Clark, 3 Wend. 638, 651, and Leading Cases in Equity are cited in support of this position.

The correctness of the principle decided in these cases we do not question, but consider them as directly in point for the complainant in this case, as the testimony of the admission of Murphy, and other circumstances in evidence, satisfactorily show that, at the time of the purchase, such was the understanding of the parties.

Such is the conclusion we are brought to, after a careful investigation of the evidence of the case, in view of sound equity—any other conclusion would be inconsistent with the facts in evidence, and be in violation of the agreement of the parties. It is the duty of the court to ascertain from the evidence, if possible, what the agreement and intention of the parties was, relative to the matter in controversy, by proper legal means of investigation, and, by its judgment, to enforce it according to that intent.

The bill and answer, as well as the evidence of the

case, show that Russell bought the property as the agent of the Town Association of Leavenworth, and stood as trustee in a fiduciary capacity to the company and the *bona fide* claimants of lots or blocks. This is the position he holds as one of the respondents in this case. Having failed to appear and answer, a decree *pro confesso* has been entered against him. This is conclusive of that matter. The respondents have also set up as a defense that statute of frauds. After the view we have taken of the case, holding it to be one of "resulting trust," for the benefit of the partnership concern, it is not necessary that we should consider this position of the defense. The contract for the purchase of the block, (N) as made by Murphy with Russell, was sufficiently evidenced by a written instrument to take the case out of the statute of frauds. He made the contract to inure to the benefit of the partnership concern, so as to raise a resulting trust on its behalf, and it is the duty of this court to decree the execution of that trust by enforcing a specific performance of the contract for the benefit of the firm.

The finding of the court below, upon the facts of evidence, was in accordance with the equity of the case, but the decree there entered is erroneous in this, that it adjudges and orders "that William H. Russell, in whom is vested the legal title to block N by his purchase from the United States, do convey by deed of quit claim, in fee simple, the said block N to said Simeon Scruggs, and the heirs and legal representatives of William S. Murphy, deceased." The order

should have been, that Russell, as trustee of the legal title to block N, make and execute the deed to Simeon Scruggs, surviving partner of the late firm of Murphy and Scruggs, for the use and benefit of the partnership concern, in accordance with the contract, as proved.

ORDER.—It is, therefore, considered by this court, that the evidence of the case establishes the following facts, viz.:

That William S. Murphy and Simeon Scruggs, in the lifetime of the said Murphy, were partners in the milling business, in the town of Leavenworth, in the territory of Kansas. That, for the purpose of the partnership, and with the funds thereof, with the knowledge and consent of Scruggs, his partner, the said Murphy contracted with William H. Russell, as agent for the Leavenworth Town Association, for the block N in said town. That, under this agreement, and with this understanding, the said partners, Murphy and Scruggs, owned, improved and occupied the said block, up to the time of the death of said Murphy. Whereupon, it is ordered, adjudged and decreed by this court, that the defendant, William H. Russell, in whom the legal title to said block N now is vested, by virtue of his purchase thereof from the government of the United States, do, and shall convey, by deed of quit-claim, the fee simple title of, in and to the said block (N), in the town of Leavenworth aforesaid, to

the said Simeon Scruggs, surviving partner of the late firm of Murphy and Scruggs, for the use and benefit of the said partnership concern.

It is also adjudged, ordered and decreed by this court, that the costs of this proceeding in chancery be paid by the said partnership concern, and that the property and effects thereof be liable for the same.